Query    Reports    Utilities    Help    What's New    Log Out

# U.S. District Court
## Northern District of West Virginia (Martinsburg)
### CRIMINAL DOCKET FOR CASE #: 3:20-cr-00035-GMG-RWT-1

Case title: USA v. Long

Date Filed: 09/15/2020

Date Terminated: 12/09/2021

---

Assigned to: Chief Judge Gina M. Groh
Referred to: Magistrate Judge Robert W.
Trumble

**Defendant (1)**

**Warren Long**
*TERMINATED: 12/09/2021*

represented by **Kristen M Leddy**
Federal Public Defender Office - Mtg
651 Foxcroft Ave
Suite 202
Martinsburg, WV 25401
(304) 260-9421
Fax: (304) 260-3716
Email: kristen_leddy@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Brian J. Kornbrath**
Federal Public Defender Office-Clk.
The Huntington Bank Bldg.
230 W. Pike St.
Suite 360
Clarksburg, WV 26302
(304) 622-3823
Fax: (304) 622-4631
Email: brian_kornbrath@fd.org
*TERMINATED: 03/13/2025*
*Designation: Public Defender or*
*Community Defender Appointment*

**L. Richard Walker**
Federal Public Defender Office-Clk.
The Huntington Bank Bldg.
230 W. Pike St.
Suite 360
Clarksburg, WV 26302
(304) 622-3823
Fax: (304) 622-4631

Email: richard_walker@fd.org
*TERMINATED: 03/13/2025*
*Designation: Public Defender or*
*Community Defender Appointment*

**Nicholas J. Compton**
Federal Public Defender Office - Mtg
651 Foxcroft Ave
Suite 202
Martinsburg, WV 25401
(304) 260-9421
Fax: (304) 260-3716
Email: nicholas_compton@fd.org
*TERMINATED: 03/13/2025*
*Designation: Public Defender or*
*Community Defender Appointment*

| | |
|---|---|
| **Pending Counts** | **Disposition** |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC. (1) | defendant to be incarcerated for a term of 37 months; supervised release for 3 years; $100 special assessment fee; fine waived and forfeiture ordered |

**Highest Offense Level (Opening)**
Felony

| | |
|---|---|
| **Terminated Counts** | **Disposition** |
| UNLAWFUL TO RECEIVE A FIREARM NOT REGISTERED (2) | dismissed upon motion by USA |

**Highest Offense Level (Terminated)**
Felony

| | |
|---|---|
| **Complaints** | **Disposition** |
| None | |

---

**Plaintiff**
**USA**                    represented by    **Kimberley D. Crockett (USA ACCOUNT)**
U.S. Attorney's Office - Mrt.
U.S. Courthouse
217 W. King Street, Suite 400
Martinsburg, WV 25401
(304) 262-4807
Fax: (304) 262-0591
Email: Kimberley.D.Crockett@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: United States Attorney*

**Jeffrey Finucane**
U.S. Attorney's Office - Mrt.
U.S. Courthouse
217 W. King Street, Suite 400
Martinsburg, WV 25401
(304) 262-0590
Fax: (304) 262-0591
Email: Jeffrey.Finucane@usdoj.gov
*TERMINATED: 06/02/2021*
*Designation: United States Attorney*

**Timothy D. Helman**
U.S. Attorney's Office - Mrt.
U.S. Courthouse
217 W. King Street, Suite 400
Martinsburg, WV 25401
(304) 262-0590
Fax: (304) 262-0591
Email: timothy.d.helman@usdoj.gov
*TERMINATED: 03/25/2025*
*Designation: United States Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/15/2020 | 1 | INDICTMENT as to Warren Long (1,) counts 1, 2. Copy emailed to USA, USPO, USMS. (tlg) (Entered: 09/15/2020) |
| 09/15/2020 | 2 | *SEALED* Indictment - Unredacted, re 1 Indictment as to Warren Long. (Attachments: # 1 grand jury docket sheet). (tlg) (Entered: 09/15/2020) |
| 05/28/2021 | 4 | **PAPERLESS ORDER as to Warren Long. Initial Appearance is set for WEDNESDAY, 6/2/2021, AT 10:30 AM in Martinsburg Magistrate Judge Courtroom, 1st Floor before Magistrate Judge Robert W. Trumble. Signed by Magistrate Judge Robert W. Trumble on 5-28-2021. (dh)** (Entered: 05/28/2021) |
| 05/28/2021 | 5 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Warren Long. (Attachments: # 1 Proposed Order, # 2 Attachment Writ)(Helman, Timothy) (Entered: 05/28/2021) |
| 05/28/2021 | 6 | NOTICE OF ATTORNEY APPEARANCE Timothy D. Helman appearing for USA. (Helman, Timothy) (Entered: 05/28/2021) |
| 05/28/2021 | 7 | MOTION for Detention by USA as to Warren Long. (Attachments: # 1 Proposed Order) (Helman, Timothy) (Entered: 05/28/2021) |
| 05/28/2021 | 8 | **ORDER as to Warren Long (1). Signed by Magistrate Judge Robert W. Trumble on 05/28/2021. (cwm)** Copy to USMS. (Entered: 05/28/2021) |
| 05/28/2021 | 9 | Writ of Habeas Corpus ad Prosequendum Issued as to Warren Long (1) for 06/02/2021 @ 10:30 a.m. (cwm) Original mailed to USMS-Clarksburg; copy emailed to USMS. (Entered: 05/28/2021) |
| 05/30/2021 | | **IMPORTANT NOTICE:** The United States District Court for the Northern District of West Virginia (WVND) will be upgrading its current CM/ECF system to the Next Generation of CM/ECF (NextGen CM/ECF) on July 19, 2021. Complete information |

regarding the WVND NextGen CM/ECF implementation can be found here.
Currently, many attorneys within a firm may share a single PACER account. This will no longer be allowed with the New WVND NextGen CM/ECF system because each attorney must have an individual upgraded PACER account that will be linked to their e-filing account. Shared PACER accounts cannot be used by WVND e-filing attorneys once the WVND NextGen CM/ECF system is implemented. Preparing for NextGen CM/ECF is a two-step process. Step one is to upgrade your PACER account, and step two is to link your upgraded PACER account to the WVND e-filing account in the upgraded NextGen CM/ECF system. This notice only addresses the first step because the second step cant be completed until on or after July 19, 2021. The first step is to check and see if your PACER account is an upgraded PACER account. Many PACER accounts have already been upgraded. If any of the following is true, you have un upgraded PACER account and no action is required until after the WVND NextGen CM/ECF upgrade occurs on July 19, 2021: 1) You have a an upgraded PACER account for another NextGen court; or 2) Your PACER account was created after August 10, 2014. If none of these are true, you must upgrade your legacy PACER account before you will be able to link your PACER account to your current WVND CM/ECF account for your new NextGen CM/ECF account. Additional notices will be sent later detailing how to handle the second step in this process. If you still have questions, please contact the PACER Service Center at 800-676-6856 or the WVND Clerks Office CM/ECF Help Desk at (304) 267-5682. (cmd) (ADI) (Entered: 05/30/2021)

| 06/02/2021 | | Arrest of Warren Long (1). (cwm) (Entered: 06/02/2021) |
|---|---|---|
| 06/02/2021 | 10 | ** SEALED ** CJA 23 Financial Affidavit by Warren Long (1). (cwm) Copy to FPD. (Entered: 06/02/2021) |
| 06/02/2021 | 11 | **ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT as to Warren Long (1). Signed by Magistrate Judge Robert W. Trumble on 06/02/2021. (cwm)** Copy to USMS and USPO. (Entered: 06/02/2021) |
| 06/02/2021 | 12 | **PAPERLESS ORDER as to Warren Long. An initial appearance was held on this date. Defendant was REMANDED to the custody of the U.S. Marshals Service. Arraignment and Detention Hearings are set for MONDAY, 6/7/2021, AT 09:30 AM in Martinsburg Magistrate Judge Courtroom, 1st Floor before Magistrate Judge Robert W. Trumble. Signed by Magistrate Judge Robert W. Trumble on 6-2-2021. (gs)** (Entered: 06/02/2021) |
| 06/02/2021 | 13 | MINUTE ENTRY: ***_NOTICE*** THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY._ Proceedings held before Magistrate Judge Robert W. Trumble: Initial Appearance as to Warren Long held on 6/2/2021. Arraignment and Detention Hearing set for 6/7/2021 09:30 AM in Martinsburg Magistrate Judge Courtroom, 1st Floor before Magistrate Judge Robert W. Trumble. (Court Reporter: FTR) (cwm) (Entered: 06/02/2021) |
| 06/02/2021 | 14 | **APPOINTMENT ORDER. Signed by Magistrate Judge Robert W. Trumble on 6/2/2021. Copy to Deft, FPDO, USMS, USPO. (tlg)** (Entered: 06/02/2021) |
| 06/07/2021 | 15 | MINUTE ENTRY: ***_NOTICE*** THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY._ |

| | | |
|---|---|---|
| | | Proceedings held before Magistrate Judge Robert W. Trumble as to Warren Long. Arraignment as to Warren Long (1) Counts 1,2 held on 6/7/2021, Detention Hearing as to Warren Long held on 6/7/2021. Jury Selection and Jury Trial set for 7/27/2021 09:00 AM in Martinsburg District Judge Courtroom, 2nd Floor before Chief Judge Gina M. Groh. Pretrial Conference set for 7/22/2021 09:30 AM in Martinsburg District Judge Courtroom, 2nd Floor before Chief Judge Gina M. Groh. (Court Reporter - FTR.) (tlg) (Entered: 06/07/2021) |
| 06/07/2021 | 16 | WAIVER of Detention Hearing by Warren Long. (tlg) (Entered: 06/07/2021) |
| 06/07/2021 | 17 | **DUE PROCESS PROTECTIONS ACT ORDER TO ALL COUNSEL REGARDING BRADY OBLIGATIONS. Signed by Magistrate Judge Robert W. Trumble on 6/7/2021. (tlg)** (Entered: 06/07/2021) |
| 06/07/2021 | 18 | **INITIAL SCHEDULING ORDER ON ORIGINAL INDICTMENT as to Warren Long**<br><br>*****NOTICE TO ATTORNEYS*** : Pursuant to Rule 12.4(a)(1) of the Federal Rules of Criminal Procedure, ALL Non-governmental CORPORATE PARTIES must file a DISCLOSURE STATEMENT with the Court. Additionally, per Rule 12.4(a)(2) of the Federal Rules of Criminal Procedure, the GOVERNMENT must file a statement identifying all organizational victims. Forms are available on the Court's Web Site at http://www.wvnd.uscourts.gov/forms.htm*<br><br>**Signed by Magistrate Judge Robert W. Trumble on 6/7/2021. Copy to USPO, USMS. (tlg)** (Entered: 06/07/2021) |
| 06/07/2021 | 19 | **DETENTION ORDER as to Warren Long. Signed by Magistrate Judge Robert W. Trumble on 6/7/2021. Copy to USPO, USMS. (tlg)** (Entered: 06/07/2021) |
| 06/10/2021 | 20 | NOTICE *of Discovery Disclosure and Request for Discovery* by USA as to Warren Long (Helman, Timothy) (Entered: 06/10/2021) |
| 06/19/2021 | | **IMPORTANT NOTICE:** The United States District Court for the Northern District of West Virginia (WVND) will be upgrading its current CM/ECF system to Next Generation of CM/ECF (NextGen CM/ECF) on Monday, July 19, 2021. Complete information regarding the WVND NextGen CM/ECF implementation can be found here. Preparing for NextGen CM/ECF is a two-step process. Step one was to upgrade your PACER account. Each attorney should have their own individual upgraded PACER account at this time. Step two will be to link your upgraded PACER account to your WVND e-filing account in the new NextGen CM/ECF system on or after July 19, 2021. Please log in to the WVND CM/ECF system at https://ecf.wvnd.uscourts.gov/ before July 19, 2021 to make sure you know your current WVND e-filing login and password. Do not rely on your username and password being saved in your web browser, because that method will not work with the NextGen upgrade. If you do not know your login or password or have any additional questions please call the WVND Clerks CM/ECF Office Help Desk at (304) 267-5682. (cmd) (ADI) (Entered: 06/19/2021) |
| 06/21/2021 | 21 | NOTICE *Reciprocal Discovery* by Warren Long (Compton, Nicholas) (Entered: 06/21/2021) |
| 06/23/2021 | 22 | **PAPERLESS ORDER as to Warren Long. Change of Plea Hearing is set for FRIDAY, 6/25/2021, AT 11:00 AM in Martinsburg Magistrate Judge Courtroom, 1st Floor before Magistrate Judge Robert W. Trumble. Signed by Magistrate Judge Robert W. Trumble on 6-23-2021. (gs)** (Entered: 06/23/2021) |
| 06/25/2021 | 23 | WAIVER OF ARTICLE III JUDGE AND CONSENT TO ENTER GUILTY PLEA BEFORE THE US MAGISTRATE JUDGE by Warren Long (1). (cwm) (Entered: |

| | | 06/25/2021) |
|---|---|---|
| 06/25/2021 | 24 | PLEA AGREEMENT as to Warren Long (1). (cwm) (Entered: 06/25/2021) |
| 06/25/2021 | 25 | MINUTE ENTRY:<br><br>***NOTICE*** THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY.<br><br>Proceedings held before Magistrate Judge Robert W. Trumble:. Change of Plea Hearing held on 6/25/2021. Plea entered by Warren Long (1): Guilty Count 1. (Court Reporter: FTR) (cwm) (Entered: 06/25/2021) |
| 06/25/2021 | 26 | **CHANGE OF PLEA ORDER as to Warren Long (1). Signed by Magistrate Judge Robert W. Trumble on 06/25/2021. (cwm)** Copy to USMS and USPO. (Entered: 06/25/2021) |
| 07/08/2021 | 28 | **PAPERLESS ORDER as to Warren Long: The Court has scheduled a Sentencing Hearing for 12/6/2021 at 11:30 AM in Martinsburg District Judge Courtroom, 2nd Floor before Chief Judge Gina M. Groh. Pursuant to LR Cr P 32.01(f), the Court will accept sentencing memoranda received in the Clerks Office NO LATER than four (4) days before the sentencing hearing. This four (4) daytime period shall exclude holidays and weekends. Pursuant to LR Cr P 32.01(d), fourteen (14) days after receiving the presentence report, counsel shall provide any written objections to the PSR to the probation officer and opposing counsel. Signed by Chief Judge Gina M. Groh on 7/8/2021.(jlo)** (Entered: 07/08/2021) |
| 07/11/2021 | | **IMPORTANT NOTICE:** The United States District Court for the Northern District of West Virginia (WVND) will be upgrading its current CM/ECF system to the Next Generation of CM/ECF (NextGen CM/ECF) on July 19, 2021. Preparing for NextGen CM/ECF is a two-step process. Step One was to upgrade your PACER account. Each attorney should have their own individual upgraded PACER account at this time. Step two will be to link your upgraded PACER account to your WVND e-filing account in the new NextGen CM/ECF system on or after July 19, 2021. Instructions for linking your account can be found here. **PLEASE NOTE: The WVND CM/ECF system will be unavailable from 1:00 pm on Friday July 16, 2021 until 8:00 am Monday, July 19, 2021.** An extension for electronic filing will be granted for all documents with court-imposed deadlines falling between 1:00 pm on Friday, July 16, 2021, and midnight on Sunday, July 18, 2021. All documents due during that period must be filed prior to 1:00 pm Friday, July 16, 2021, or on Monday, July 19, 2021. If you have any additional questions, please contact the PACER Service Center at 800-676-6856 or the WVND Clerks Office CM/ECF Help Desk at (304) 267-5682. (cmd) (ADI) (Entered: 07/11/2021) |
| 11/30/2021 | 30 | SENTENCING MEMORANDUM (Attachments: # 1 Exhibit Character Letter)(Compton, Nicholas) (Entered: 11/30/2021) |
| 12/06/2021 | 31 | MINUTE ENTRY:<br><br>***NOTICE*** THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY.<br><br>Proceedings held before Chief Judge Gina M. Groh: Sentencing held on 12/6/2021 for Warren Long (1): Count 1, defendant to be incarcerated for a term of 37 months; supervised release for 3 years; $100 special assessment fee; fine waived and forfeiture ordered; Count 2, dismissed upon motion by USA. (Court Reporter: K. Slayden) (cwm) (Entered: 12/06/2021) |

| 12/07/2021 | 32 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Warren Long (1). (cwm) (Entered: 12/07/2021) |
| 12/09/2021 | 33 | **JUDGMENT IN A CRIMINAL CASE as to Warren Long (1). Signed by Chief Judge Gina M. Groh on 12/09/2021. (cwm)** (Entered: 12/09/2021) |
| 12/09/2021 | 34 | **\*SEALED\* STATEMENT OF REASONS as to Warren Long (1). Signed by Chief Judge Gina M. Groh on 12/09/2021. (cwm)** Copy to defense counsel and AUSA. (Entered: 12/09/2021) |
| 12/21/2021 | 35 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Warren Long on 12/20/2021. (cwm) (Entered: 12/21/2021) |
| 04/26/2022 | 36 | Judgment Returned Executed as to Warren Long on 4/25/2022. (cmd) (Entered: 04/26/2022) |
| 10/31/2023 | 37 | NOTICE OF ATTORNEY APPEARANCE: L. Richard Walker appearing for Warren Long (Walker, L.) (Entered: 10/31/2023) |
| 02/09/2024 | 38 | MOTION to Reduce Sentence - USSC Amendment by Warren Long. (Attachments: # 1 Attachment, # 2 Proposed Order, # 3 Proposed Order)(Walker, L.) (Entered: 02/09/2024) |
| 03/06/2025 | 40 | **PAPERLESS ORDER: Upon review and consideration of the Defendant's 38 Motion for a Reduced Sentence, the Court finds the Motion is MOOT because the Defendant completed serving the sentence he sought to reduce. Accordingly, the 38 Motion is TERMINATED as MOOT. Signed by District Judge Gina M. Groh on March 6, 2025. (wlb)** (Entered: 03/06/2025) |
| 03/06/2025 | 41 | **ORDER PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION as to Warren Long (1). Signed by District Judge Gina M. Groh on 03/06/2025. (cwm)** Copy to USMS and USPO. (Entered: 03/06/2025) |
| 03/06/2025 | | Set Hearings as to Warren Long (1): Initial Appearance on Revocation Proceedings set for 4/2/2025 10:00 AM in Martinsburg Magistrate Judge Courtroom, 1st Floor before Magistrate Judge Robert W. Trumble. (cwm) (Entered: 03/06/2025) |
| 03/13/2025 | 43 | \*\* SEALED \*\* CJA 23 Financial Affidavit by Warren Long. (cwm) Copy emailed to FPD. (Entered: 03/13/2025) |
| 03/13/2025 | 44 | **APPOINTMENT ORDER as to Warren Long (1). Signed by Magistrate Judge Robert W. Trumble on 03/13/2025. (cwm)** Copy to defendant, USMS, USPO and FPD. (Entered: 03/13/2025) |
| 03/13/2025 | 45 | **PAPERLESS ORDER as to Warren Long. An Initial Appearance ONLY on Revocation Proceedings is set for WEDNESDAY, 4/2/2025, at 10:00 AM in Martinsburg Magistrate Judge Courtroom, 1st Floor before Magistrate Judge Robert W. Trumble. Signed by Magistrate Judge Robert W. Trumble on 3-13-2025. (dh)** (Entered: 03/13/2025) |
| 03/13/2025 | 46 | Summons Returned Executed on 03/13/2025 as to Warren Long (1). (cwm) (Entered: 03/13/2025) |
| 03/24/2025 | 47 | NOTICE by USA as to Warren Long (Crockett (USA ACCOUNT), Kimberley) (Entered: 03/24/2025) |
| 03/26/2025 | 49 | **ORDER AMENDED PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION as to Warren Long (1). Signed by District Judge Gina M. Groh on 03/26/2025. (cwm)** Copy to USMS and USPO. Per Order - upon arrest of Defendant, Order unsealed (NEF regenerated). (Entered: 03/26/2025) |

| 03/27/2025 | 51 | **PAPERLESS ORDER as to Warren Long. Defendant was arrested in the Southern District of West on an Amended Petition and warrant. Accordingly, the hearing set before Magistrate Judge Trumble for April 2, 2025, on the original Petition requesting a summons is CANCELLED. Signed by Magistrate Judge Robert W. Trumble on 3-27-2025. (dh)** (Entered: 03/27/2025) |
| --- | --- | --- |

PROB 12C
(Rev. 03/15  WVN)

# United States District Court
### for the
### Northern District of West Virginia

### Amended Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Warren Long
Reg. No.: 47745-509

Case Number: 3:20CR35

Name of Sentencing Judicial Officer:  Honorable Gina M. Groh, United States District Judge

Date of Original Sentence:  December 6, 2021

Original Offense:  Unlawful Possession of Firearm

Original Sentence: Thirty-seven months, shall run consecutively to the defendant's imprisonment for the probation revocation imposed in the Circuit Court for Jefferson County, West Virginia, in Docket Number 17-F-18, followed by three (3) years supervised release

Type of Supervision:  Supervised Release

Date Supervision Commenced:  February 7, 2025

## PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

[ ] No action

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
| --- | --- |
| 1 | **Mandatory Condition No. 1: You must not commit another Federal, state, or local crime.** |
| 2 | **Mandatory Condition No. 2: You must not unlawfully possess a controlled substance.** |
| 3 | **Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.** |
| 4 | **Standard Condition No. 3: You shall not commit another Federal, state, or local crime.** |
| 5 | **Standard Condition No. 4: You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the probation officer.** |

**6**      <u>Standard Condition No. 6</u>**: You must answer truthfully the questions asked by your probation officer.**

On February 14, 2025, the defendant reported to the probation office for his supervised release intake interview. During the initial interview, the defendant denied any recent use of illicit substances. The defendant submitted to a urine test, which returned positive results for cocaine and his prescribed Suboxone. When confronted with these results, the defendant ultimately admitted to using cocaine on February 11, 2025. The defendant completed a written admission statement regarding his drug use, which is attached for the Court's review.

**7**      <u>Standard Condition No. 19</u>**: You must follow the instructions of the probation officer related to the conditions of supervision.**

**8**      <u>Special Condition No. 1</u>**: You must participate in a substance abuse treatment program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).**

On February 14, 2025, the defendant was referred for weekly substance abuse treatment at the Berkeley County Day Report Center (DRC).

On February 28, 2025, the undersigned officer received a treatment status report from Erin Rivers, the defendant's therapist at the Berkeley County DRC. Ms. Rivers reported the defendant originally scheduled his intake appointment for February 20, 2025, but called the morning of the appointment to reschedule to February 22, 2025, due to transportation issues. On February 22, 2025, the defendant failed to report for his substance abuse treatment intake appointment.

**9**      <u>Mandatory Condition No. 1</u>**: You must not commit another Federal, state, or local crime.**

**10**      <u>Mandatory Condition No. 2</u>**: You must not unlawfully possess a controlled substance.**

**11**      <u>Mandatory Condition No. 3</u>**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.**

**12**      <u>Standard Condition No. 3</u>**: You shall not commit another Federal, state, or local crime.**

| | |
|---|---|
| **13** | **Standard Condition No. 4: You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the probation officer.** |

On March 3, 2025, the defendant reported to the probation office as directed for a urine screen. Prior to a drug test, the defendant admitted to using "crack" on February 28, 2025. The defendant completed a written admission statement regarding his drug use, which is attached for the Court's review.

| | |
|---|---|
| **14** | **Standard Condition No. 5: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.** |

| | |
|---|---|
| **15** | **Standard Condition No. 10: You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting permission of the probation officer.** |

| | |
|---|---|
| **16** | **Standard Condition No. 19: You must follow the instructions of the probation officer related to the conditions of supervision.** |

| | |
|---|---|
| **17** | **Special Condition No. 4: You must not go to, or remain at, any place where you know controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.** |

On March 3, 2025, during the office contact with the defendant, he admitted to staying away from his approved residence from February 27, 2025, through March 2, 2025. The defendant reported he and his mother had a "misunderstanding," and he decided to leave the residence for a few days. He reported he was staying with friends in the same neighborhood as his residence. The defendant advised he was hanging out with an acquaintance who was providing him cocaine. The defendant did not obtain prior authorization to stay away from his approved residence overnight as required by the conditions of supervised release.

*Violations 1-17 were reported to the Court on March 5, 2025, with a request for a summons. The Court issued a summons, and the defendant is scheduled for an initial appearance before the Honorable Robert W. Trumble, U. S. Magistrate Judge, on April 2, 2025.*

**\*\*New Violations\*\***

18      **Mandatory Condition No. 1: You must not commit another Federal, state, or local crime.**

19      **Mandatory Condition No. 2: You must not unlawfully possess a controlled substance.**

20      **Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.**

21      **Standard Condition No. 3: You shall not commit another Federal, state, or local crime.**

22      **Standard Condition No. 4: You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the probation officer.**

     On March 13, 2025, the defendant reported to the probation office and completed a written monthly report form. On the report form, the defendant indicated he had used cocaine since last reporting to the office. The undersigned officer questioned the defendant regarding his drug use, and the defendant admitted to using "crack cocaine" on March 5, 2025. The defendant completed a written admission statement regarding his drug use, which is attached for the Court's review.

23      **Standard Condition No. 5: You must not knowingly leave the Federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.**

24      **Standard Condition No. 19: You must follow the instructions of the probation officer related to the conditions of supervision.**

     On March 19, 2025, the undersigned officer, accompanied by U. S. Probation Officer Andrew Grimm, conducted an unannounced home contact at the defendant's residence. The defendant's mother reported he was not home, and she called the defendant in the undersigned officer's presence. The defendant reported that he was in Leesburg, Virginia, with a friend looking at a side job. The defendant was directed to contact the undersigned officer when he returned home that evening. The defendant's mother reported the defendant does not stay at her residence consistently and comes in and out all hours of the day and night. The defendant did not call the undersigned officer as directed. A copy of the Northern District of West Virginia travel policy, signed by the defendant, is attached for the Court's review.

25          **Mandatory Condition No. 1: You must not commit another Federal, state, or local crime.**

26          **Mandatory Condition No. 2: You must not unlawfully possess a controlled substance.**

27          **Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.**

28          **Standard Condition No. 3: You shall not commit another Federal, state, or local crime.**

29          **Standard Condition No. 4: You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the probation officer.**

On March 20, 2025, the defendant contacted the undersigned officer via telephone. The defendant reported he needed rehab and had been in communication with his treatment provider, Erin Rivers, at Berkeley Day Report Center (DRC), regarding placement into a detox facility. The defendant verbally admitted to "smoking crack" since reporting to the probation office on March 13, 2025.

30          **Standard Condition No. 2: After initially reporting to the probation office, you will receive instructions from the Court or the Probation Officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.**

31          **Standard Condition No. 19: You must follow the instructions of the probation officer related to the conditions of supervision.**

On March 20, 2025, during telephone correspondence with the defendant, he stated he was going to the emergency room at Berkeley Medical Center at approximately 8:00 pm to be admitted into their detox program. The defendant was directed to call the undersigned officer upon his arrival to the emergency room and again when he was admitted to the detox or any other treatment program. The defendant was directed to report to the probation office by 8:30 a.m. the following morning if he had not yet been admitted to a treatment facility. The defendant failed to contact the undersigned officer regarding his arrival at the emergency room or any admittance to a treatment facility as directed.

On March 21, 2025, the defendant failed to report to the probation office as directed the previous day.

**32**      <u>**Standard Condition No. 19**</u>**: You must follow the instructions of the probation officer related to the conditions of supervision.**

**33**      <u>**Special Condition No. 1**</u>**: You must participate in a substance abuse treatment program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).**

On March 21, 2025, the undersigned officer contacted the defendant's treatment provider, Erin Rivers, at Berkeley Day Report Center (DRC). Ms. Rivers reported the defendant had continued to arrive late to scheduled appointments and had also missed multiple appointments. On March 20, 2025, the defendant failed to report for his 4:00 p.m. appointment. Later that evening, the defendant called Ms. Rivers and advised he had been smoking crack and needed treatment. Ms. Rivers advised the defendant to go to the Berkeley Medical Center (BMC) to obtain assistance in coordinating a treatment placement.

On March 21, 2025, Ms. Rivers contacted BMC to check the status of the defendant's treatment. BMC Peer Recover Support staff reported they had no records for the defendant's presence at the hospital.

The defendant was unsuccessfully discharged from treatment services at the DRC due to continued noncompliance.

**34**      <u>**Standard Condition No. 6**</u>**: You must answer truthfully the questions asked by your probation officer.**

**35**      <u>**Standard Condition No. 9**</u>**: If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.**

**36**      <u>**Standard Condition No. 19**</u>**: You must follow the instructions of the probation officer related to the conditions of supervision.**

On March 21, 2025, the undersigned officer contacted the Human Resources department at Universal Forest Products (UFP) to complete an employment verification for the defendant. According to records at UFP, the defendant completed his employment orientation on March 10, 2025, worked a full day on March 11, 2025, called out on March 12, 2025, stating he needed to meet with the undersigned officer, arrived at work on March 13, 2025, and stated that his appointment with the undersigned officer was rescheduled, and he would need to leave work to attend the meeting. The defendant left work in the morning hours

of March 13, 2025, and never returned to work. The employer reported no further contact with the defendant.

The undersigned officer notes the defendant requested to change his probation office appointment from March 12, 2025, to March 13, 2025, due to his employment. The defendant has continued to report active employment at UFP as of March 19, 2025.

U. S. Probation Officer Recommendation:

The term of supervision should be:

[X]    Revoked*

   *The probation officer's request for a warrant is a recommendation that the offender be detained pending a dispositional hearing.

[ ]    Extended for Number year(s), for a total term of Number year(s).

[ ]    The conditions of supervision should be modified as follows:



Respectfully submitted,

By:    _Ryan J Weese_ (signature)
       _____
       Ryan J. Weese
       U. S. Probation Officer
       Date:  March 25, 2025

---

THE COURT ORDERS

[✓] The Issuance of a Warrant
   [✓] Upon arrest detained and the petition in this matter be unsealed
   [ ] Upon arrest released on (type) bond and the petition in this matter be unsealed
[ ] The Issuance of a Summons
[ ] Other
[ ] No Action.  A warrant has previously been requested pursuant to the original petition.

Prob12C                               -8-                        Petition for Warrant or Summons
                                                                  for Offender Under Supervision


_____
Signature of Judicial Officer


__March 26, 2025_____
Date

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
## PROBATION OFFICE

**JON WRIGHT**
CHIEF PROBATION OFFICER
217 W. KING ST., RM 310
MARTINSBURG, WV 25401
304-267-0778

320 W. PIKE ST., SUITE 110
CLARKSBURG 26301
304-624-5504

PO BOX 127
ELKINS 26241
304-636-7277

PO BOX 248
WHEELING 26003
304-232-8474

PLEASE REPLY TO:
Martinsburg

NAME: _Warren Long_

DOCKET #: _____

## ADMISSION STATEMENT

I, _Warren Long_, admit to using the following type(s) of drug(s)

within the past 30 days, _Crack    Feb 11   2/11/25_

_(Crack cocaine)_.

I understand that signing this acknowledgment constitutes a full admission to using the above controlled substance(s). I further understand that the Court will be notified about my admission and use of controlled substance(s) and that some action, including placement into a treatment program or modification of my conditions of supervision, or punitive action, including revocation of my supervision, may result.

_____  _2/14/25_
SIGNATURE                    DATE

_____  _2/14/25_
USPO SIGNATURE               DATE

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF WEST VIRGINIA
### PROBATION OFFICE

**JON WRIGHT**
CHIEF PROBATION OFFICER
217 W. KING ST., RM 310
MARTINSBURG, WV 25401
304-267-0778

320 W. PIKE ST., SUITE 110
CLARKSBURG 26301
304-624-5504

PO BOX 127
ELKINS 26241
304-636-7277

PO BOX 248
WHEELING 26003
304-232-8474

PLEASE REPLY TO
Martinsburg

NAME: _Warren Long_

DOCKET #: _____

## ADMISSION STATEMENT

I, _Warren Long_ , admit to using the following type(s) of drug(s)

within the past 30 days, _Hard crack Coke cane 2/28/25_

I understand that signing this acknowledgment constitutes a full admission to using the above controlled substance(s). I further understand that the Court will be notified about my admission and use of controlled substance(s) and that some action, including placement into a treatment program or modification of my conditions of supervision, or punitive action, including revocation of my supervision, may result.

_____  _2/03/25_
SIGNATURE                   DATE

_____  _3/3/25_
USPO SIGNATURE              DATE

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
PROBATION OFFICE

**JON WRIGHT**
CHIEF PROBATION OFFICER
217 W. KING ST., RM 310
MARTINSBURG, WV 25401
304-267-0778

320 W. PIKE ST., SUITE 110
CLARKSBURG 26301
304-624-5504

PO BOX 127
ELKINS 26241
304-636-7277

PO BOX 248
WHEELING 26003
304-232-8474

PLEASE REPLY TO:
Martinsburg

NAME: Warren Long

DOCKET #: _____

## ADMISSION STATEMENT

I, Warren Long _____, admit to using the following type(s) of drug(s)

within the past 30 days, 3/5/25 Crake _____

_____.

I understand that signing this acknowledgment constitutes a full admission to using the above controlled substance(s). I further understand that the Court will be notified about my admission and use of controlled substance(s) and that some action, including placement into a treatment program or modification of my conditions of supervision, or punitive action, including revocation of my supervision, may result.

_____     3/13/25
SIGNATURE                  DATE

_____     3/13/25
USPO SIGNATURE          DATE

**UNITED STATES PROBATION**
217 West King Street, Room 310
Martinsburg, WV 25401
(304) 267-0778

You are now on supervision in the Northern District of West Virginia, Martinsburg Division, and there are certain restrictions in regard to your travel.

You are allowed to travel freely within this district (see attached) as long as that travel time does not exceed **24 hours**. You are also allowed to visit, not exceeding **24 hours**, without permission, areas of Virginia, Maryland and Pennsylvania not to exceed 50 miles from the West Virginia boundary.

However, if you should wish to stay away from home more than 24 hours you must first notify this office by providing a **TRAVEL REQUEST FORM**. A minimum notice of five (5) working days is required for all travel. Travel is not granted within the first 30 days of any case or when financial obligations such as restitution, fines and special assessments are not current or paid in full.

The above information is called to your attention so that you will not unknowingly violate your supervision conditions.

_____
**PERSON UNDER SUPERVISION**

_____
**UNITED STATES PROBATION OFFICER**

2/14/25
**DATE**

## AMENDED VIOLATION WORKSHEET

1.      Defendant: Warren Long

2.      Docket Number (Year-Sequence-Defendant No.): 3:20CR35

3.      District/Office: Northern District of West Virginia/Martinsburg

4.      Original Sentence Date: December 6, 2021

(If different than above)
5.      Original District/Office (if different than above):

6.      Original Docket Number (Year-Sequence-Defendant No.):

7.      List each violation and determine the applicable grade (see § 7B1.1):

| Violation(s) | | Grade |
|---|---|---|
| 1 - 6 | On February 14, 2025, the defendant tested positive and admitted to using cocaine on February 11, 2025. | C |
| 7 - 8 | On February 22, 2025, the defendant failed to attend substance abuse treatment as directed by the probation officer. | C |
| 9 - 13 | On March 3, 2025, the defendant admitted to cocaine on February 28, 2025. | C |
| 14 - 17 | On March 3, 2025, the defendant admitted to associating with individuals engaged in criminal activity and staying away from his approved residence without prior approval, from February 27, 2025, through March 2, 2025. | C |
| 18 - 22 | On March 13, 2025, the defendant admitted to using cocaine on or about March 5, 2025. | C |
| 23 - 24 | On March 19, 2025, it was discovered that the defendant had been staying overnight away from his approved residence without prior approval. | C |
| 25 - 29 | On March 20, 2025, the defendant verbally admitted to "smoking crack" since last reporting to the probation office on March 13, 2025. | C |
| 30 - 31 | On March 21, 2025, the defendant failed to report to the probation office as directed. | C |
| 32 - 33 | On March 21, 2025, the defendant was unsuccessfully discharged from treatment services at the Berkeley County DRC due to continued noncompliance. | C |
| 34 - 36 | On March 21, 2025, it was discovered that the defendant had been continually untruthful regarding his employment status at Universal Forest Products. | C |

8.      Most Serious Grade of Violation (see § 7B1.1(b)):          **C**

9.      Criminal History Category (see § 7B1.4(b)):          **IV**

10.     Range of Imprisonment (see § 7B1.4(a)):          **6 – 12 months**

Defendant: Warren Long

11. Sentencing Options for Grade B and C Violations Only (check the appropriate box):

**X** (a) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, § 7B1.3(c)(1) provides sentencing options to imprisonment.

(b) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, § 7B1.3(c)(2) provides sentencing options to imprisonment.

(c) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

12. Unsatisfied Conditions of Original Sentence:

*List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed, in connection with the sentence for which revocation is ordered, that remains unpaid or not served at the time of revocation (see § 7B1.3[d]):*

Restitution($):        Community Confinement:

Fine($):        Home Detention:

Other: SAF: $25        Intermittent Confinement:

13. Supervised Release:

If Probation is to be revoked, determine the length, if any, of the term of Supervised Release according to the provisions of §§ 5D1.1-1.3 (see §§ 7B1.3(g)(1)).

Term:    N/A

If Supervised Release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence Supervised Release upon release from imprisonment (see 18 U.S.C. § 3583(e) and § 7B1.3(g)(2).

Pursuant to 18 U.S.C. § 3624(e), multiple terms of Supervised Release are to run concurrently.

Period of Supervised Release to be served following release from imprisonment:

Three (3) years (less any term of imprisonment imposed at revocation).

Defendant:  Warren Long

14.    Departure:

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

None

**NOTE:** The maximum term of imprisonment imposable upon revocation of Supervised Release for a Class C Felony is two (2) years, pursuant to 18 U.S.C. § 3583(e)(3).